IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHAWN MCLEMORE                                                                                    PLAINTIFF
ADC #179359

V.                            Case No. 3:24-CV-00043-BSM-BBM

PAULA COWELL, Administrator,
Grimes Unit, ADC, and
THOMAS HURST, Warden,
Grimes Unit, ADC                                                                                  DEFENDANTS

# ORDER

## I. INTRODUCTION

On March 18, 2024, Plaintiff Shawn McLemore ("McLemore"), an inmate at the Grimes Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The Complaint alleges that Defendants—Grimes Unit Administrator Paula Cowell ("Cowell") and Warden Thomas Hurst ("Hurst") (collectively, "Defendants")—violated McLemore's right to access the courts by failing to timely notarize McLemore's state court Rule 37 motion. *Id*. Before McLemore may proceed with this action, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

On April 29, 2024, McLemore paid in full the $405 filing and administrative fee to open this case. (Doc. 4). The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee, regardless of fee status. 28 U.S.C. § 1915A(a); *Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (per curiam) (holding § 1915A's screening requirement applies regardless of fee status).

## II. ALLEGATIONS

McLemore sues Defendants in their official capacities only. (Doc. 1 at 2). The allegations in his Complaint read, in their entirety:

> During legal proceedings in case 27CR-20-99[] Ms. Cowell brought to me a copy of Rule 37 post relief to be signed and notarized on 3/13/23 at approximately 3:00 pm. Upon signature it was to be sent to Drew Curtis at James Law Firm so he could send it to Grant County Courts by 3/14/2023. This document was not notarized at the time of signing and was sent to James Law Firm to be notarized without me present as stated by Warden Hurst on GR-23-00588. Officer Sparks then returned to have me resign the said document and he notarized it on 3/16/23 at approximately 1:00 pm but by this time it was to[o] late for document [sic] to be sent and ADC staff had already [assisted] in sending out original document to be notarized without me present. This delay and failure to follow proper procedures and law in getting a legal document signed and notarized caused the courts to throw out the case due to [untimeliness].

*Id*. at 4 (errors in original). McLemore seeks money damages or "re-evaluation of Rule 37 for retrial."[2] *Id*. at 5.

---

[2] As for McLemore's alternate request to re-evaluate his Rule 37 and request for a retrial, this Court is unable to provide that relief. *See Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (holding federal court does not sit to correct a state court's application of its ordinary adequate procedural rules); *Fields v. Payne*, No. 4:20-cv-00351 KGB-PSH, 2023 WL 2378964, at *21 (E.D. Ark. Mar. 6, 2023); *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding civil rights action not proper vehicle to challenge conviction).

2

## III.  INITIAL SCREENING

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

As mentioned above, McLemore sues Defendants in their official capacities, seeking damages only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). McLemore's claims against Defendants, then, are the equivalent of claims against the state of Arkansas. McLemore asks for damages, but his damages claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As such, his claims against Defendants fail as a matter of law.

## IV.  OPPORTUNITY TO AMEND

The Court will allow McLemore thirty (30) days from the date of this Order to file an Amended Complaint to correct the deficiencies in his current pleading. Any Amended Complaint must list the Defendants that McLemore believes were *personally involved* in violating his constitutional rights and explain *how* those Defendants were personally involved.

McLemore is placed on notice that, if he files an Amended Complaint, that pleading will supersede his previous Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, his Amended Complaint should contain *all Defendants* he seeks to name in this matter, *all claims* he seeks to pursue in this action, and *the factual predicate* for all claims against all Defendants. If McLemore elects not to file an Amended Complaint, the Court will proceed to screen his Complaint. (Doc. 1).

## V.  CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail McLemore a § 1983 complaint form that is labeled "Amended Complaint."

2. McLemore will be allowed to file, **within thirty (30) days** of the date of this Order, an Amended Complaint containing the facts described in this Order, which are necessary to support his claims. If he elects not to file a timely Amended Complaint, the Court will screen his original Complaint. (Doc. 1).

DATED this 10th day of October, 2024.

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE