IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHAWN MCLEMORE                                                                                          PLAINTIFF
ADC #179359

V.                               Case No. 3:24-CV-00043-BSM-BBM

PAULA COWELL, Administrator,
Grimes Unit, ADC; THOMAS HURST,
Warden, Grimes Unit, ADC; and DREW
CURTIS, Lawyer, James Law Firm                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.      INTRODUCTION**

On March 18, 2024, Plaintiff Shawn McLemore ("McLemore"), an inmate at the Grimes Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The Complaint alleged that Grimes Unit Administrator Paula Cowell ("Cowell") and Warden Thomas Hurst ("Hurst") violated

McLemore's right to access the courts by failing to timely notarize McLemore's state-court Rule 37 petition. *Id*.

On April 29, 2024, McLemore paid in full the $405 filing and administrative fee to open this case. (Doc. 4). The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee, regardless of fee status. 28 U.S.C. § 1915A(a); *Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (per curiam) (holding § 1915A's screening requirement applies regardless of fee status).

The Court conducted an initial screening of McLemore's Complaint pursuant to the PLRA and noted several deficiencies.[1] (Doc. 6). McLemore was given leave to file an amended complaint and placed on notice that an amended pleading would supersede his previous Complaint. *Id.* at 4 (citing *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

On November 7, 2024, McLemore filed an Amended Complaint, adding Drew Curtis ("Curtis"), a lawyer with the James Law Firm, as a Defendant to this action. (Doc. 7 at 1). Accordingly, the Court will proceed with screening.

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## II. DISCUSSION

### A. Allegations in Amended Complaint

In his Amended Complaint, McLemore claims that, after the direct appeal of his criminal conviction was denied by the Arkansas Supreme Court, he hired the James Law Firm to represent him in post-conviction relief proceedings. (Doc. 7 at 5). Specifically, he hired the James Law Firm to file a Rule 37 petition for postconviction relief that was to be filed within 60 days after the denial of his direct appeal. *Id*. The deadline to file the Rule 37 petition was March 14, 2023. *Id*.

On March 13, 2023, the day before the court deadline, Curtis contacted Grimes Unit administrative staff to arrange for the signing and notarizing of the Rule 37 petition. (Doc. 7 at 5). The Rule 37 petition was to be faxed back immediately after signing to Curtis. *Id*.

On March 13, 2023, at approximately 3:00 p.m., while McLemore was in restrictive housing, he was approached by Cowell with a copy of the Rule 37 petition, which included an affidavit to be signed and notarized. (Doc. 7 at 5). McLemore was prepared to follow the necessary steps to make sure that the documents were executed correctly, but he was told, "per your attorney he just needed your signature and he would handle the notary[.]" *Id*. McLemore claims that this instruction directly conflicts with Arkansas Code Annotated § 21-14-111(a)(1), which states that it is unlawful for any notary public to witness any signature on any instrument unless the notary public either witnesses the signing of the instrument and personally knows the signer, or is presented proof of the identity of the signer. *Id*. at 5–6.

McLemore was instructed to sign the document without a notary present. (Doc. 7 at 6). The Rule 37 petition was then faxed back to Curtis, and, when he discovered that the document had not been notarized, he signed and notarized a new petition in McLemore's name in front of a notary public. *Id*. The document signed by Curtis was filed in the state court on March 13, 2023. *Id*. Curtis then attempted to amend the verification, using a copy of the Rule 37 petition that was personally signed by McLemore in front of a notary public on March 16, 2023, but it was denied as untimely. *Id*. McLemore claims that these actions affected his ability to timely file for postconviction relief under Rule 37 in his state-court case. *Id*.; *see also State v. Shawn Garrett McLemore*, Grant County, Arkansas, Circuit Court Case No. 27CR-20-09.[2] McLemore sues Defendants in their individual and official capacities. (Doc. 7 at 2). For relief, McLemore seeks restitution "and/or re-evaluation of Rule 37 for retrial."[3] *Id*. at 7.

**B.   Screening**

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid

---

[2] Arkansas state court records can be found using the Arkansas Judiciary's Court Connect website: https://caseinfo.arcourts.gov/opad (last accessed Nov. 25, 2024).

[3] As for McLemore's alternate request to re-evaluate his Rule 37 petition and request for a retrial, this Court is unable to provide that relief. *See Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (holding federal court does not sit to correct a state court's application of its ordinary adequate procedural rules); *Fields v. Payne*, No. 4:20-cv-00351 KGB-PSH, 2023 WL 2378964, at *21 (E.D. Ark. Mar. 6, 2023); *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding civil rights action not proper vehicle to challenge conviction).

of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing McLemore's Amended Complaint, he fails to allege any plausible claim against the named Defendants—Paula Cowell, Thomas Hurst, or Drew Curtis. Accordingly, this Court recommends that his Amended Complaint be dismissed without prejudice.

**C.   Access to the Courts**

McLemore appears to claim that the denial of notary services violated his constitutional rights. The Court interprets McLemore's allegations as raising a First Amendment access-to-the-courts claim.

McLemore, like all prisoners, has "a constitutional right of access to the courts," which includes the ability to seek a new trial, release from confinement, or the vindication of fundamental civil rights. *Bounds v. Smith*, 430 U.S. 817, 821, 824, 827 (1977) (overruled on other grounds). To state a First Amendment claim, a plaintiff must allege actual injury; in an access to the courts claim, the injury would be "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th

Cir. 2008). To prove actual injury, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). Speculative injuries are insufficient; the inmate must identify a specific injury related to the alleged deprivation. *Hartsfield*, 511 F.3d at 833; *Lewis*, 518 U.S. at 351–52. Further, to successfully pursue a First Amendment claim based on denial of right of access to the courts, a plaintiff must show that the defendant acted with some intentional motivation to restrict his or her access to the courts. *Morris v. City of Chillicothe*, 512 F.3d 1013, 1020 (8th Cir. 2008) (citing *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005)).

1. **Warden Thomas Hurst**

McLemore names Hurst as a Defendant to this action. (Doc. 7 at 2). However, McLemore does not include any allegations against Hurst in his Amended Complaint. There is no vicarious liability in § 1983 actions; therefore, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. McLemore does not allege that Hurst was personally involved in any constitutional violations. Accordingly, McLemore's claim against Hurst should be dismissed for failure to state a claim for relief.

2. **Paula Cowell**

McLemore asserts that, on March 13, 2023, Cowell arrived at his cell with a copy of the Rule 37 petition, which included an affidavit to be signed and notarized. (Doc. 7 at 5). He claims that he was instructed to sign the document without a notary present. *Id.* at 6. Specifically, he alleges that he was told, "per your attorney he just needed your signature

6

and he would handle the notary[.]" *Id*. at 5. McLemore contends that, when he finally did sign the document in front of a notary public on March 16, 2023, his Rule 37 petition was denied as untimely. *Id*. at 6.

McLemore attaches exhibits to his Amended Complaint that add context to his allegations. (Doc. 7 at 15–16). In an email dated March 13, 2023, non-Defendant Nicole Christian, an administrative specialist at the Grimes Unit, informed Curtis, McLemore's attorney, that the "notary is out today," and there was "no one that is able to notarize it." *Id*. at 15. In response, Curtis instructed, "I just need his signature. We can notarize it here." *Id*. In another email to Christian later that day, Curtis wrote, "The petition does have to be notarized by someone at the prison after talking within the office. If the person who notarizes them is there tomorrow, will you have him re[-]sign in the presence of the notary?" *Id*. at 16.

As stated above, to successfully pursue a First Amendment claim based on denial of right of access to the courts, a plaintiff must show that the defendant acted with some intentional motivation to restrict his or her access to the courts. *Morris*, 512 F.3d at 1020; *Scheeler*, 402 F.3d at 830. The exhibits that McLemore has attached to his Amended Complaint indicate that Cowell was following the guidance that McLemore's attorney provided to Grimes Unit administration, which was that he just needed McLemore's signature at that time. (Doc. 7 at 15–16). McLemore has failed to show that Cowell intentionally interfered with McLemore's access to the court by simply following the instructions of McLemore's counsel as relayed to Grimes Unit administration and bringing the Rule 37 petition to McLemore for signature on the date requested.

McLemore also claims that the instruction to sign the document without a notary present directly conflicts with Arkansas law, which makes it unlawful for any notary public to witness any signature on any instrument unless the notary public either witnesses the signing of the instrument and personally knows the signer or is presented proof of the identity of the signer. (Doc. 7 at 5–6). However, as indicated in the exhibits attached to McLemore's Amended Complaint, there was no notary present in the Grimes Unit on March 13, 2023. *Id*. at 15. To the extent that McLemore may be attempting to claim that Cowell violated his right of access to the court when his attorney later signed and notarized a new petition in McLemore's name in front of a notary public, there is no indication that Cowell had any knowledge of these future actions by Curtis. *Id*. at 6.

Because McLemore has failed to state a plausible claim against Cowell, his claim against Cowell should be dismissed without prejudice.

### 3.     Drew Curtis

McLemore alleges that Defendants' actions affected his ability to timely file for postconviction relief under Rule 37. (Doc. 7 at 5–6). He attaches as an exhibit a decision and order of the Arkansas Supreme Court Committee on Professional Conduct, cautioning Curtis for his conduct in this matter. *Id*. at 10–14. However, criminal defense attorneys, whether appointed or retained, do not act under color of state law when performing traditional functions as counsel. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding a public defender does not act under color of state law when performing a traditional functions as counsel); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) ("The

actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim."); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented a plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"). Thus, Curtis, as retained counsel for McLemore, is not subject to suit under § 1983. Accordingly, McLemore's Amended Complaint fails to state a claim against Curtis under § 1983 and should be dismissed.

### 4. Official Capacity

McLemore also sues Defendants in their official capacities. (Doc. 7 at 2). He seeks restitution "and/or re-evaluation of Rule 37 for retrial." *Id*. at 7. As stated above, this Court is unable to provide McLemore's requested relief in the form of re-evaluating his Rule 37 petition and granting a retrial. *See Clemons*, 381 F.3d at 750; *Fields*, 2023 WL 2378964, at *21; *see also Heck*, 512 U.S. at 487.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). McLemore's claims against Defendants Cowell and Hurst, then, are the equivalent of claims against the state of Arkansas, and McLemore's damages claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Moreover, as noted above, Curtis is not a state actor under § 1983. *Polk Cnty.*, 454 U.S. at 325. Therefore, McLemore's official-capacity claims should be dismissed without prejudice for failure to state a claim.

## III.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. McLemore's Amended Complaint, (Doc. 7), be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 26th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE